IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Petitioner,                      No. CIV S-09-2521 LKK KJM P

    vs.

MIKE MCDONALD,

    Respondent.                  <u>ORDER</u>

                              /

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. On November 12, 2010, the magistrate judge assigned to this case found this action duplicative of the petition pending in CIV S-10-0925 LKK KJM P, and recommended that this case be dismissed. Petitioner has now filed a motion for temporary restraining order or preliminary injunction, essentially repeating the core allegation of his petition, that he has been incarcerated for a period longer than the sentence he received under a plea bargain.

        A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

1

movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a). This court construes a motion for temporary restraining order as a motion for preliminary injunction,[1] particularly when, as here, the motion has been served on the adverse party.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

/////

/////

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

1  By simply repeating the basis for his petition for writ of habeas corpus, petitioner
2  does not present a basis for this court to issue any form of preliminary relief.  Therefore his
3  motion for a temporary restraining order or preliminary injunction should be denied.

4  Accordingly, IT IS THEREFORE RECOMMENDED that the motion for a
5  temporary restraining order or preliminary injunction be denied.

6  These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
8  one days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within twenty-one days after service of the objections.  The parties are
12 advised that failure to file objections within the specified time may waive the right to appeal the
13 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14 DATED: November 19, 2010.

_____
U.S. MAGISTRATE JUDGE

4
brow2521.157.wpd